■ In the Matter of CHRISTOPHER H., a Person Alleged to be in Need of Supervision, Appellant.—In a proceeding to place the appellant as a person in need of supervision pursuant to Family Court Act article 7, the appeal is from an order of disposition of the Family Court, Suffolk County (Hurley, J.), dated July 23, 1986, which, after a hearing, denied Christopher H.'s application to extend his placement.

Ordered that the order is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof which permitted Christopher H. to conclude his summer school program and extended his placement through the day following the last day of that program, and substituting therefor a provision permitting him to conclude the fall semester in the Riverhead School District and extending his placement through the day following the last day of the fall term. As so modified, the order is affirmed, without costs or disbursements.

The appellant Christopher H. applied for an extension of his placement to avoid returning to his parents. The Family Court did not abuse its discretion in refusing to extend Christopher H.'s placement. The record supports the Family Court's conclusion that none of the goals which underlie the placement of persons in need of supervision (hereinafter PINS) would be advanced by an extension of Christopher's placement. It appears that his application to remain in placement is based on a desire to receive custodial care and not individualized treatment, and therefore contravenes the purpose of a PINS placement (see, Matter of Lavette M., 35 NY2d 136, 141). Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.